# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JENNIFER TATE and JOHN TATE,

    Plaintiffs,

v.

GUS GENETTI'S HOTEL AND RESTAURANT, INC., d/b/a BEST WESTERN GENETTI LODGE AND BALLROOMS,

    Defendant.

CIVIL ACTION NO. 3:06-CV-0322

(JUDGE CAPUTO)

## **MEMORANDUM**

Presently before the Court is Defendant's Motion to Dismiss Counts III and IV (Doc. 5-1) of the Plaintiffs' Complaint (Doc. 1-1) pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the Court will grant this motion. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331[1] ("federal question jurisdiction") and 28 U.S.C. § 1343(a) (original jurisdiction lies in the district courts based on deprivation under color of State law of a right, privilege, or immunity secured by the U.S. Constitution or federal law). This Court shall also exercise supplemental jurisdiction over Plaintiffs' related state-law tort claims pursuant to 28 U.S.C. § 1367(a). Finally, 42 U.S.C. § 2000e-5(g) grants this Court jurisdiction to issue various forms of equitable relief if unlawful employment practices are found to exist.

---

[1] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331 (1996).

## BACKGROUND

The following is alleged in the Complaint (Doc. 1-1): Plaintiff Jennifer Tate was employed as a Guest Service Representative at Defendant Best Western Genetti Lodge and Ballrooms (hereinafter referred to as "Genetti's") in Hazleton, Pennsylvania from March 27, 2004 until August 28, 2004.  (Doc. 1-1 ¶¶ 8, 14, 15.)  Plaintiff suffers from epilepsy.  (Doc. 1-1 ¶ 16.)  On August 15, 2004, Plaintiff began an approved two-week leave of absence to get married and to go away on her honeymoon.  (Doc. 1-1 ¶ 17.)  Upon her return, Plaintiff called Defendant for her upcoming work schedule and was told she was terminated from her employment.  (Doc. 1-1 ¶ 18.)  At all times relevant to this action, Defendant was aware of Plaintiff's disability.  (Doc. 1-1 ¶ 20.)  Plaintiff's disability in no way affects her ability to perform the essential functions of the position she held with Defendant.  (Doc. 1-1 ¶ 31.)  As a result of her firing Plaintiff has suffered damages, including but not limited to loss of past and future income and fringe benefits, loss of professional reputation, mental anxiety, and emotional distress.  (Doc. 1-1 ¶ 33.)  Additionally, and as a result of Defendant's actions, Plaintiff John Tate, Jennifer's husband, has suffered loss of society, companionship, affection, services, income, and other incidents of the marital relationship.  (Doc. 1-1 ¶ 49.)

On or about January 26, 2005, Plaintiff Jennifer Tate filed charges of discrimination with the Pennsylvania Human Relations Commission and the United States Equal Employment Opportunity Commission ("the EEOC"), charging discrimination and unfair employment practices against Defendant.  On December 5, 2005, a Notice of Right to Sue was issued by the EEOC.  (Doc. 1-1 p. 18.)  On February 13, 2006, Plaintiffs filed their Complaint (Doc. 1-1) alleging four counts, as follow: (I) violation of the

Pennsylvania Human Relations Act ("the PHRA"), 43 P.S. § 951 *et seq.*, (II) violation of the Americans with Disabilities Act ("the ADA"), 42 U.S.C. § 12101 *et seq.*, and the common law torts of (III) intentional infliction of emotional distress, and (IV) loss of consortium.  On April 20, 2006, Defendant filed the present motion to dismiss (Doc. 5-1) Counts III and IV of Plaintiffs' Complaint, along with an accompanying brief (Doc. 5-2). On May 4, 2006, Plaintiffs filed an answer (Doc. 8) to Defendant's motion to dismiss, and a brief (Doc. 7-1) in opposition thereto.  This motion is fully briefed and ripe for disposition.

**LEGAL STANDARD**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  Dismissal is appropriate only if, accepting all factual allegations in the complaint as true and "drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations in the complaint." *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.,* 140 F.3d 478, 483 (3d Cir. 1998).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint and matters of public record.  *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents where the plaintiff's claims are based on the documents and the defendant has attached a copy of the document to the motion to dismiss.  *Id.*  The Court need not assume that the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. West Penn*

*Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998), nor credit a complaint's "bald assertions" or "legal conclusions." *Morse v. Lower Marion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether the plaintiff is entitled to offer evidence in support of the claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether the plaintiff will ultimately prevail. *See id.* In order to survive a motion to dismiss, the plaintiff must set forth information from which each element of a claim may be inferred. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of establishing that the plaintiff's complaint fails to state a claim upon which relief can be granted. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

**DISCUSSION**

**A.   Plaintiffs' Count III - Intentional Infliction of Emotional Distress**

Defendant moves to dismiss Plaintiff Jennifer Tate's cause of action for intentional infliction of emotional distress. For the reasons set forth below, the Court will grant this motion.

"To make out a claim of intentional infliction of emotional distress, the plaintiff must show conduct 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be intolerable in a civilized community.' ... [I]t is the conduct which must be outrageous, not the reaction to that conduct, to create a cause of action for intentional infliction of emotional distress." *Thompson v. AT&T Corp*, 371 F.Supp. 2d 661, 683 (W.D. Pa. 2005) (quoting *Jacques v. AKZO Int'l Salt, Inc.*, 422

Pa.Super. 419, 619 A.2d 748, 754 (1993) (*abrogated on other grounds as recognized in Kroptavich v. Pennsylvania Power and Light Co.*, 795 A.2d 1048, 1055 (Pa.Super. 2002)).  "[I]t is for the court to determine, in the first instance, whether the actor's conduct can reasonably be regarded as so extreme and outrageous as to permit recovery." *Thompson*, 371 F.Supp.2d at 683 (quoting *Reimer v. Tien*, 356 Pa.Super 192, 514 A.2d 566, 569 (1986)).

Furthermore, recovery under the tort of intentional infliction of emotion distress is not available to:

> [E]very plaintiff who has suffered mental distress as a result of the defendant's otherwise wrongful conduct.  It is not enough that the defendant acted with an intent which was tortious or even criminal, or that the defendant intended to inflict emotional distress, or even that the defendant's conduct was characterized by "malice" or a degree of aggravation which would entitle the plaintiff to damages for another tort.

*Thompson*, 371 F.Supp.2d at 684 (citation omitted).

Viewing all of the averments set forth by Plaintiffs in their Complaint in the light most favorable to them, the Court finds as a matter of law that the actions recounted could not be found to be 'outrageous' by a reasonable fact-finder.  Plaintiff Jennifer Tate alleges she was fired from her job, after returning from her honeymoon, because she is an epileptic.  Plaintiffs' Complaint makes no averments of additional activity on the part of Defendant that could support a claim for intentional infliction of emotional distress, let alone any acts that could reasonably be considered extreme, outrageous, or indecent.  The alleged action taken by Defendant was insensitive, but it does not reach the extreme level of outrageousness required to support a claim for relief for intentional infliction of emotional distress.  The firing of Plaintiff may not be permissible under the ADA and/or

5

PHRA, but it does not rise to the level that it may be termed outrageous and atrocious beyond all bounds of decency.  Such a designation must be reserved only for the most egregious conduct which cannot be tolerated in a civilized society.  The alleged conduct in this case, taken as a whole, falls short of the rigorous standard required to support a claim for intentional infliction of emotional distress.  Accordingly, Defendant's motion to dismiss Count III of the Plaintiffs' Complaint will be granted, and the claim for intentional infliction of emotional distress will be dismissed.

### B.   Plaintiffs' Count IV - Loss of Consortium

Defendant moves to dismiss Plaintiff John Tate's cause of action for loss of consortium because–with the dismissal of Count III–there remains no valid tort claim in the instant matter.  For the reasons set forth below, the Court will grant this motion.

Under Pennsylvania law, loss of consortium derives only from the injured spouse's right to recover in tort, *see Little v. Jarvis*, 219 Pa.Super. 156, 280 A.2d 617, 620 (1971), and there is no right to recover for loss of consortium in connection with a spouse's discrimination claims under the ADA or the PHRA.  *McInerney v. Moyer Lumber and Hardware, Inc.*, 244 F.Supp.2d 393, 402 (E.D. Pa. 2002).  *See Wakshul v. Philadelphia*, 998 F.Supp. 585, 590 (E.D. Pa. 1998) (citing *Quitmeyer v. SEPTA*, 740 F.Supp. 363, 370 (E.D. Pa. 1990)).

Accordingly, Defendant's motion to dismiss Count IV of the Plaintiffs' Complaint will be granted, and the loss of consortium claim will be dismissed.

**CONCLUSION**

For the foregoing reasons, the Court will grant the Defendant's motion to dismiss Counts III and IV of the Plaintiffs' Complaint.  An appropriate order will follow.


Date: October 18, 2006
/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JENNIFER TATE and JOHN TATE, | |
| Plaintiffs, | CIVIL ACTION NO. 3:06-CV-0322 |
| v. | (JUDGE CAPUTO) |
| GUS GENETTI'S HOTEL AND RESTAURANT, INC., d/b/a BEST WESTERN GENETTI LODGE AND BALLROOMS, | |
| Defendant. | |

**ORDER**

**NOW**, this  18th  day of October, 2006, **IT IS HEREBY ORDERED** that:

(1)    Defendant's Motion to Dismiss Counts III and IV (Doc. 5-1) of Plaintiffs' Complaint (Doc. 1-1) is **GRANTED**.


                                             /s/ A. Richard Caputo
                                            A. Richard Caputo
                                            United States District Judge